IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CINCINNATI

| | | |
|---|---|---|
| **GREGORY KIMBLE** | : | CASE NO:_____ |
| c/o Cornelius "Carl" Lewis, Esq. | | |
| The Lewis Law Firm, Inc., LPA | : | |
| 119 East Court Street | | |
| Cincinnati, Ohio 45202 | : | HON. JUDGE:_____ |
| | | |
| PLAINTIFF, | : | |
| | | |
| -vs- | : | |
| | | |
| | : | **CIVIL COMPLAINT AND JURY DEMAND** |
| | : | |
| | : | |
| **BRETT GLECKLER** | : | |
| c/o Cincinnati Police Department | | |
| 310 Ezzard Charles Drive | : | |
| Cincinnati, Oh 45214 | | |
| *in his Individual Capacity* | : | |
| | : | |
| and | : | |
| **MARK LONGWORTH** | : | |
| c/o Cincinnati Police Department | | |
| 310 Ezzard Charles Drive | : | |
| Cincinnati, Oh 45214 | | |
| *in his Individual Capacity* | : | |
| | | |
| DEFENDANTS. | : | |

## I.     PRELIMINARY STATEMENT

1. This civil rights case challenges the unlawful detention and subsequent unlawful arrest of Plaintiff, Gregory Kimble ("Plaintiff/Mr. Kimble ") by Defendant Police Officers, Mark Longworth, and Brett Gleckler ("Defendants") on or about June 8, 2022. Mr.

Kimble brings this civil rights action for damages pursuant to 42 U.S.C. §1983 against Defendants for their misconduct, perpetrated under color of state law, against Mr. Kimble.

## II.  JURISDICTION AND VENUE

2. Plaintiff incorporates all previous allegations.

3. Jurisdiction over claims arising from Defendant's violation of the Civil Rights Act is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4).

4. Venue in the United States District Court, Southern District of Ohio, is proper pursuant to 28 U.S.C. § 1391(b) in that the claims arose in this district and division.

## III.  PARTIES.

5. Plaintiff incorporates all previous allegations.

6. Plaintiff Gregory Kimble is and was at all relevant times a resident of the State of Ohio. He brings this action on his own behalf. Mr. Kimble is African American.

7. Defendant Brett Gleckler was at all relevant times to this action a police officer employed by the City of Cincinnati, Ohio. At all relevant times Geckler held the position of "detective" with the Cincinnati Police Department. Defendant Brett Gleckler is a "person" under 42 U.S.C. § 1983 and all times relevant to this case acted under color of law. Defendant Brett Gleckler is being sued in his individual capacity.

8. Defendant Mark Longworth was at all relevant times to this action a police

officer employed by the City of Cincinnati, Ohio. Defendant Mark Longworth is a "person" under 42 U.S.C. § 1983 and all times relevant to this case acted under color of law. Defendant Mark Longworth is being sued in his individual official capacity.

### IV. FACTS.

9. Plaintiff incorporates all previous allegations.

10. On June 8, 2022, Plaintiff was lawfully standing in the public area of his apartment complex in Cincinnati, Hamilton County, Ohio, watching heavy police presence in his community when he approached a Cincinnati Police officer and asked what was going on.

11. In response, Plaintiff was asked what his relation to the subject of the police activity was. Plaintiff answered that he might know the person police were investigating. Plaintiff was then, without any legal justification whatsoever, detained and handcuffed by Defendant Longworth.

12. Defendant Brett Gleckler was communicating with Defendant Mark Longworth by radio. Defendant Brett Gleckler without any legal justification whatsoever, ordered and /or requested Defendant Mark Longworth to arrest Plaintiff, such that Defendant Gleckler set in motion the machinery that proximately caused the arrest of the Plaintiff, as plaintiff was merely being wrongfully detained up to that point.

13. Plaintiff was then illegally transported in a police car to a Cincinnati police station to be interrogated by detectives. Plaintiff would not have been so transported but

for the wrongful acts of Defendant Gleckler. Plaintiff was released without being charged with any offense of any kind after approximately 90 minutes of wrongful detention by the defendants.

14. Plaintiff was, without sufficient legal cause, detained, arrested, and interrogated. Defendants had no probable cause or reasonable suspicion that Plaintiff had committed any crime.

15. Plaintiff was injured, shamed, humiliated, degraded, and demoralized, due to Defendants' willful, malicious and outrageous actions.

16. Defendants' conduct was willful, wanton, malicious, and/or in reckless disregard of Plaintiff's Constitutional and/or State law rights and directly and/or proximately caused the deprivation of said rights.

**FIRST CLAIM FOR RELIEF: 42 U.S.C. §1983: Fourth Amendment Claim for False Arrest;**

17. Plaintiff incorporates all previous allegations.

18. Defendant Longworth had no right to detain Plaintiff and Plaintiff did not consent to being detained, seized, and/or arrested.

19. Defendant had no authority, right, reasonable suspicion, or probable cause to detain and/or arrest Plaintiff.

20. The illegal detention of Plaintiff was a false arrest.

21. Defendant Longworth has, under color of state law, deprived Plaintiff of rights, privileges and immunities secured by the United States Constitution, including, inter alia, the Fourth and Fourteenth Amendment to the United States Constitution.

**SECOND CLAIM FOR RELIEF: 42 U.S.C. §1983: Fourth Amendment Claim for False Arrest;**

22. Plaintiff incorporates all previous allegations.

23. Defendant Gleckler had no right to seize Plaintiff and Plaintiff did not consent to being detained, seized, and/or arrested.

24. Defendant had no authority, right or probable cause to detain and/or arrest Plaintiff.

25. Defendant Gleckler wrongfully ordered the arrest of the Plaintiff and/or set in motion the machinery that proximately caused the wrongful arrest of the plaintiff.

26. Defendant Gleckler has, under color of state law, deprived Plaintiff of rights, privileges and immunities secured by the United States Constitution, including, inter alia, the Fourth and Fourteenth Amendment to the United States Constitution.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays this Honorable Court:

    a. Grant compensatory damages against Defendants in an amount to be determined at trial;

    b. Grant punitive damages against Defendants in an amount to be determined at trial;

    c. Award him reasonable attorney's fees and costs;

    d. Grant Plaintiff a trial by jury; and,

    e. Award such other and further relief as is just and necessary.

Respectfully submitted,

        ***/s/ Cornelius "Carl" Lewis***
        Cornelius "Carl" Lewis (#0055700)
        **THE LEWIS LAW FIRM, INC., L.P.A.**
        119 East Court Street
        Cincinnati, Ohio 45202
        (513) 632-9542/Office
        (513) 721-5824/Fax
        (513) 371-4520/Cell
        Thelewislawfirm@aol.com
        Counsel for Plaintiff


        /s/ James E. Kolenich
        JAMES E. KOLENICH (0077084)
        KOLENICH LAW OFFICE
        9435 Waterstone Blvd. #140
        Cincinnati, OH 45249
        (513) 444-2150
        (513) 297-6065 (Fax)
        JEK318@GMAIL.COM
        *Attorneys for Plaintiff*


## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

        ***/s/ Cornelius "Carl" Lewis***
        Cornelius "Carl" Lewis (#0055700)