UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREGORY KIMBLE,

    Plaintiff,

v.

BRETT GLECKLER, et al.,

    Defendants.

Case No. 1:23-cv-350

Bowman, M.J.

**MEMORANDUM OPINION AND ORDER[1]**

Plaintiff Gregory Kimble alleges that police violated his civil rights during their investigation of a shooting and felonious assault that occurred on June 7, 2022. On June 8, 2022, police officers executed a warrant issued for the arrest of the accused shooter, Angel Kidd. At the time the warrant for Kidd was executed, Plaintiff was identified as a potential additional suspect and was subsequently handcuffed and transported to a police station. Through counsel, Plaintiff now sues Cincinnati Police Detective Brett Gleckler, Officer Mark Longworth, and Detective Carl Blackwell for false arrest, failure to intervene, and for civil conspiracy. (Doc. 13).

All three Defendants have moved for summary judgment. Some of the evidence on which they rely in support of their dispositive motions originates from or relates to Cincinnati Police Officer Scott Bode – a witness who was not listed in Defendants' initial discovery disclosure under Rule 26(a)(1)(i), Fed. R. Civ. P. This Order addresses Defendants' motion to supplement that disclosure to add Officer Bode and Plaintiff's

---

[1]Pursuant to 28 U.S.C. § 636(c) and with the consent of all parties, this case is assigned to the undersigned for all proceedings, including trial and the entry of judgment. (*See* Doc. 23).

corresponding request under Rule 37(c)(1) to exclude any evidence that relates to Officer Bode's role in the subject matter of this lawsuit.[2]

For the reasons that follow, the Court grants Defendants' motion to supplement and denies Plaintiff's request for the exclusion of evidence.

**I.     Background**

On January 4, 2024, the Court entered a Calendar Order directing the parties to exchange their initial disclosures under Rule 26(a) by January 11, 2024. (Doc. 26). Pursuant to Rule 26(a)(1)(i), Defendants listed six fact witnesses: the three Defendants, and Lt. Jarrod Cotton, Officer Charles Knapp, and CCA Investigator Makiedah Messam. (Doc. 49-3).

On the same date, Defendants disclosed a copy of a 14-page Internal Investigations Section (IIS) report that addressed complaints made by Plaintiff prior to filing suit. In addition to discussing the role of the witnesses identified by Defendants in their Rule 26(a)(1)(i) disclosure, the ISS report refers to other officers who were involved or present at the scene. The additional seven officers include: Officer Veronica Robinson, Sgt. Nate Asbury, Officer Kelly Jackson, Officer Scott Traufler, Officer Bobby Kidd, Officer Derrick Edwards, and Officer Scott Bode. According to the ISS report, not all of those officers had any direct involvement with Plaintiff's detention or arrest. But with respect to Officer Bode, the report states as follows:

> Police Officer Scott Bode, EID# 13640, Fugitive Apprehension Squad, advised, via police radio, that Mr. Kimble got out of a blue or green sport utility vehicle (SUV) before entering the apartment complex earlier that matched the description of the getaway vehicle from the shooting being

---

[2]Plaintiff has not filed a formal motion under Rule 37.

2

investigated.

(Doc. 49-2, PageID 775). In addition to the ISS report, on January 16, 2024 Defendants disclosed relevant videos, including Body Worn Camera (BWC) videos. Video from Defendant Longworth's BWC captured the radio communications that took place between Officer Bode and Longworth including those referenced in the ISS report.

Plaintiff took depositions in the final two weeks of the discovery period, which closed on September 21, 2024. Plaintiff does not deny that Officer Bode's name and communications with Defendants were disclosed in January 2024 in the ISS report and through videos of the incident. But Plaintiff's counsel insists that he did not appreciate the need to depose Bode until he took Defendant Longworth's deposition. In other words, notwithstanding counsel's knowledge of Bode and his role, counsel only "learned there was any *importance* to the case to Officer Bode" on September 19, 2024. (Doc. 60, PageID 852-853, emphasis added). Immediately after the Longworth deposition, Plaintiff's counsel expressed his desire to depose Bode beyond the September 21 discovery deadline. Defendants readily agreed to Plaintiff's request conditioned on a reciprocal agreement by Plaintiff to extend the dispositive motion deadline. Plaintiff declined, choosing to forego Bode's deposition in lieu of even a short extension of the dispositive motion deadline.

On October 22, 2024, Defendant Gleckler filed Officer Bode's affidavit. (Doc. 31). On November 1, 2024, all three Defendants moved for summary judgment. (Docs. 47, 48). Defendants' motions rely in part on Bode's testimony and/or on evidence of his radio communications. In response to summary judgment, Plaintiff argues that Defendants'

3

failure to list Officer Bode in their Rule 26(a)(1)(i) disclosure requires this Court to exclude his testimony and all related evidence. (Doc. 50). In addition to addressing the issue in their reply memorandum, (Doc. 57), Defendants have moved to supplement their Rule 26(a)(1)(i) disclosure in order to cure any error. (Doc. 56). While Defendants argue that they did not violate Rule 26(a) at all, they alternatively maintain that any nondisclosure was an honest mistake and was harmless on the record presented, such that no sanction is warranted.

  **II.**  **Analysis**

  **A. Rules 26(a)(1) and 37(c)(1)**

Rule 26(a) of the Federal Rules of Civil Procedure generally requires parties to provide initial disclosures to each other without a discovery request. In particular, Rule 26(a)(1)(i) requires parties to provide the names, addresses and telephone numbers of "each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses…." To the extent that Rule 26(a)(1)(i) is characterized as the disclosure of a witness list, Rule 26(a)(1)(ii) can be described as a document disclosure list. The latter provision requires parties to disclose either copies of or a description of documents "that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses…." In addition to the initial witness and document list disclosures required under Rule 26(a), Rule 26(e)(1)(A) requires parties to "supplement or correct" their initial Rule 26(a) disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective

information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.*

Rule 37(c)(1) imposes sanctions for a party's failure to disclose or supplement its Rule 26 disclosures as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

*Id.*

Plaintiff cites Rule 37(c)(1) as a basis for the exclusion of all evidence originating from or relating to Officer Bode. But to err is human. The Advisory Committee Notes to Rule 37 explain that the rule was written to allow for exceptions in the exclusion of evidence when such a harsh penalty would be unjust. "Limiting the automatic sanction to violations "without substantial justification," coupled with the exception for violations that are "harmless," is needed to avoid unduly harsh penalties in a variety of situations" including but not limited to "the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties…." Fed.R.Civ.P. 37, 1993 advisory committee's note.

### B. Defendants Erred by Failing to Include Officer Bode in their Rule 26(a)(1)(i) Disclosure

In the case presented, Defendants first argue that they did not fail to identify Officer Bode at all, because his name and role in the incident that gave rise to this lawsuit were clearly disclosed to Plaintiff on January 11, 2024 through disclosure of the ISS report and on January 16, 2024 through production of the BWC videos. The Court disagrees. Rule 26(a)(1)(i) straightforwardly requires disclosure of a list of witnesses that Defendants intend to use. Defendants filed Bode's affidavit and rely on his testimony in their motions for summary judgment. So Bode should have been included on Defendants' initial Rule 26(a)(1)(i) list. The disclosure of the ISS report was not made under Rule 26(a)(1)(**i**) but under Rule 26(a)(1)(**ii**). While the instant case presents a situation in which the ISS report contained essentially the same information that Defendants were required to disclose under Rule 26(a)(1)(i), the fact remains that the separate provisions of Rule 26(a) demand separation between a party's initial disclosures of witnesses and documents.

### C. Defendants' Motion to Supplement should be Granted and Plaintiff's Request for Exclusion should be Denied

Having determined that Defendants' failure to list Officer Bode constitutes a technical violation of Rule 26(a)(1)(i), the Court turns next to Defendants' motion to supplement their initial disclosure and Plaintiff's related request for the exclusion of evidence. Plaintiff insists that Defendants should not be permitted to use any testimony or information related to Officer Bode in their motions for summary judgment or at trial, because exclusion of a witness who has not been timely disclosed under Rule 26(a) or Rule 26(e) is mandatory unless the nondisclosure "was substantially justified or is

6

harmless." *See* Rule 37(c)(1). In response, Defendants argue that their initial failure to disclose Bode's name was an inadvertent mistake that is harmless on the record presented. (*See* Docs. 56, 57). Defendants' argument is well taken.

Courts assessing whether an omitted or late disclosure is "substantially justified" or "harmless" consider five factors (1) the surprise to the party against who the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014) (additional citation omitted). In the case presented, the first two factors are the most salient.

With respect to the factor of surprise, Plaintiff does not deny knowledge that Officer Bode was a relevant witness. Nor could he. The ISS report and BWC video from Defendant Longworth that identified Officer Bode both were disclosed to Plaintiff in January 2024 and were used by Plaintiff during the depositions that he took prior to the close of discovery.[3] Because he cannot claim ignorance of the existence of Officer Bode, Plaintiff instead argues "surprise" at the "importance" of Officer Bode's role, asserting that Plaintiff's counsel first *realized* that importance on September 19, 2024 during Defendant Longworth's deposition. (Doc. 60, PageID 852-853; *see also id*., PageID 852, arguing

---

[3]Under Rule 26(e), it is fairly debatable whether Defendants are required to supplement despite their initial error under Rule 26(a)(1)(i). Supplementation is required only when "the additional or corrective information has not otherwise been made known … during the discovery process or in writing." *Id.* Here, Bode's name and role were provided to Plaintiff in writing in January 2024. Accepting Plaintiff's position that he was unaware of the "importance" of Bode's role until September 19, 2024, that realization still occurred "during the discovery process."

7

"Plaintiff had absolutely no reason…to take the deposition of Office Bode" prior to September 19).

The Court is not convinced. Plaintiff does not identify precisely what new information Officer Longworth provided about Officer Bode that significantly differed from the information disclosed eight months earlier on the ISS report and Longworth's BWC video footage. Having fully reviewed Officer Longworth's deposition testimony, the ISS report, and transcripts of the BWC video, the Court finds no reasonable basis for Plaintiff's claimed "surprise." The ISS report clearly states that Officer Bode communicated via police radio to those on the scene that Plaintiff had exited "a blue or green sport utility vehicle (SUV) before entering the apartment complex earlier that matched the description of the getaway vehicle from the shooting being investigated." In addition, the BWC video captures Longworth's explicit reference to Bode and the information that Bode provided in a three-way conversation between Officers Gleckler, Longworth and Bode. Additional BWC video captures multiple radio communications between Bode and Longworth concerning Plaintiff and his movements in and outside of his "blue or green SUV." In short, the BWC video disclosed in January 2024 captured the exact communications as to which Officer Longworth testified at his deposition, and as to which Officer Bode has now offered testimony on summary judgment. (*See* Longworth BWC at approximately 37:02-38:20, 37:52-41:38; 42:10-42:33). The lack of surprise from Bode's testimony strongly favors the Defendants in this case.[4]

---

[4] Although other disclosure during discovery impacts the analysis of the element of surprise, the Court again emphasizes that disclosure under Rule 26(a)(1)(ii) is not a substitute for disclosure under Rule 26(a)(1)(i).

8

The second factor - the opportunity to cure any "surprise" at the "importance" of Bode's role – also strongly favors Defendants. Immediately after Longworth's deposition, Plaintiff's counsel advised Defendants' counsel that he wished to depose Bode as an additional witness. (Doc. 55 and 55-1, PageID 815-821). Notably, the correspondence between counsel at that time includes no reference to Rule 26(a) or to Rule 37(c)(1). Although the Court's Calendar Order required the completion of discovery by September 21, Defendants readily agreed to extend that discovery deadline in order to accommodate Plaintiff's request. But from the outset, defense counsel reasonably conditioned their agreement on a reciprocal extension of the Court's dispositive motion deadline, to allow Defendants adequate time to review Bode's deposition transcript prior to filing motions.

The email correspondence between the parties reflects initial silence from Plaintiff's counsel about Defendants' rather routine request - until after Defendants had tentatively agreed for Plaintiff to depose Bode in person on October 2, 2024. At that point, defense counsel asked Plaintiff's counsel to "confirm you will agree to a joint request to extend the dispositive motion cut-off." (Doc. 55-1, PageID 819). Plaintiff's counsel responded: "[I]s that necessary? We'd have the transcript by Oct. 16." (Doc. 55-1, PageID 818). Defense counsel replied that the extension was indeed necessary for Defendants to adequately prepare their motions but offered "[w]e can live with a two-week extension." (*Id.*) Rather than agreeing or offering any compromise,[5] Plaintiff's counsel flatly refused

---

If the ISS report had been 1014 pages instead of 14, or if it had included dozens of names and less specific information about Officer Bode's role, the harmlessness analysis might well be different.

[5] The date on which Defendants had agreed to produce Bode for an out-of-time deposition at Plaintiff's request fell 11 days beyond the scheduled deadline for the completion of discovery.

9

to <u>any</u> extension of the dispositive motion deadline, citing to his own busy schedule.

> I cannot agree to the requested extension. While I could file a motion with the new date, I am booked solid thereafter and therefore could not Respond to any motion you file nor reply in support of plaintiffs own in a professional fashion.
>
> I'll keep 10/2 penciled in should you choose to produce Officer Bode anyway.

(Doc. 55-1, PageID 817). In a responsive email dated September 25, 2024, defense counsel declined to produce Bode outside of the Court's deadline for the completion of discovery absent Plaintiff's agreement to also extend the Court's November 1, 2024 dispositive motion deadline. (*Id.*)

The Court finds that Plaintiff had ample opportunity to cure any hypothetical surprise by deposing Bode on October 2. Plaintiff now protests that if he had agreed to <u>any</u> extension of the dispositive motion deadline as requested, he would have "run[] the risk of losing his then scheduled, and current, trial date." (Doc. 60, PageID 854). However, at the time, Defendants had requested no more than a two-week extension of the dispositive motion deadline and the May 5, 2025 trial date was still eight and a half months away.

Trying another tack, Plaintiff asserts that agreeing to the requested extension would have "reward[ed]" Defendants for their nondisclosure by "relieving scheduling pressure" that otherwise would have been created by taking Bode's deposition after the close of discovery without extending the Defendants' deadline. (Doc. 60, PageID 854). But if Plaintiff's motivation for refusing to agree to the 2-week extension was to punish Defendants for their failure to include Bode's name on their Rule 26(a)(1)(i) list, his email

10

correspondence gave no indication to Defendants of that. And if instead – as his email reflected - Plaintiff feared that his own schedule could not accommodate any extension, Plaintiff could have brought the matter to this Court's attention to resolve the conflict. Instead, when Plaintiff was afforded the opportunity to cure any potential prejudice by deposing Bode without impacting the trial schedule, Plaintiff chose to sit on his hands. He did not then alert Defendants or the Court to his alleged "surprise" about Bode, or move to extend discovery to take his deposition. Nor did he immediately seek relief under Rule 37, or advise Defendants of his recently articulated reasons for refusing their request for a brief extension in order to keep "scheduling pressure on the defense" as an informal sanction. (Doc. 60, PageID 854).

Weeks passed. Officer Bode's affidavit was filed on October 22, 2024, and Defendants filed motions for summary judgment on November 1, 2024. Only in his response in opposition to Defendants' motions on November 22, 2024 - a full month after Officer Bode's affidavit was filed and two full months after he alleges he realized Bode's "importance" - did Plaintiff first alert Defendants and this Court to any Rule 26(a) issue. Although Plaintiff's counsel states that he did not fully appreciate the importance of Officer Bode until September 19, 2024, he does not deny receipt of discovery that disclosed Officer Bode's identity and role more than eight months earlier. Plaintiff's delay in alerting defense counsel and this Court to any possible Rule 26(a)(1)(i) issue suggest a calculated decision not to take Bode's deposition when given the opportunity. On the record presented and with particular emphasis on the first two *Howe* factors, the Court concludes that the Defendants' failure to include Officer Bode's name on its Rule 26(a)(1)(i) list was

11

harmless error.

Plaintiff argues that this Court should focus on the other three *Howe* factors. For example, Plaintiff protests that defense counsel has not offered a more detailed explanation of how the mistake was made (the fifth *Howe* factor). But there is no reason for this Court to believe that Defendants' failure to include Officer Bode's name in their Rule 26(a)(1)(i) disclosure was anything but an honest mistake. This Court accepts counsel's representation that the mistake was inadvertent both as an officer of the Court and because to conclude otherwise defies logic, because there was ample disclosure of Officer Bode's name and role in the incident leading to Plaintiff's arrest throughout the discovery process. So the fifth factor also favors a finding of harmless error.

The third factor - "the extent to which allowing the evidence would disrupt the trial" - is irrelevant at this stage of proceedings or again favors Defendants. Even Plaintiff admits that his ability to cross-examine Officer Bode at trial could cure any possible prejudice in this case. "[T]he ability to cross-examine witnesses about late disclosure during trial both provided an opportunity to remedy surprise and minimized impact on the trial." *EQT Production Company v. Magnum Hunter Production, Inc.*, 768 Fed. Appx. 459, 469 (6th Cir. 2019) (citing *Howe*, 801 F.3d at 749).

That leaves the fourth *Howe* factor: "the importance of the evidence." Defendants contend that the Bode evidence is not critical, despite their citation to it to support their motions for summary judgment. By contrast, Plaintiff argues that Bode's testimony "would potentially destroy plaintiff's ability to make an argument as to reasonable suspicion" under the "collective knowledge" doctrine. (Doc. 60, PageID 855). The Court agrees with

12

Plaintiff that the Bode testimony is potentially significant in terms of the pending motions. While the fourth factor favors Plaintiff, all other *Howe* factors strongly favor Defendants in terms of the harmlessness of the technical nondisclosure error in this case.

### III.     Conclusion and Order

For the reasons discussed, **IT IS ORDERED THAT:** Defendants' motion to supplement their Rule 26(a)(1)(i) disclosure (Doc. 56) is **GRANTED**; and Plaintiff's request for the exclusion of testimony originating from or relating to Officer Bode is **DENIED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge